## UTAH BANKING CO v. OLER.

No. 2797. Decided January 12, 1916. (154 Pac., 781.)

BILLS AND NOTES—MOTION FOR NONSUIT—GROUNDS—SUFFICIENCY OF EVIDENCE. In an action by a bank, holder of a note given for the price of a piano, evidence *held* insufficient to support a nonsuit on the grounds that the payee of the note made false and fraudulent representations that he was the owner of the piano, that he had no authority to take the note in his own name or to sell or indorse it, that the bank purchased with notice of the true owner of the piano and of the note, and that the bank did not have the legal capacity to sue on the note.[1]

Appeal from District Court, Fourth District, *Hon. A. B. Morgan, Judge.*

Action by the Utah Banking Company, against James Oler.

---

[1] Distinguishing *Utah Banking Co.* v. *Newman,* 44 Utah, 194, 138 Pac. 1146.

Judgment of nonsuit for defendant. Plaintiff appeals.

JUDGMENT REVERSED AND CASE REMANDED *for new trial.*

*C. S. Patterson,* for appellant.

*Harvey Cluff,* for respondent.

STRAUP, C. J.

This is an action on a conditional sale note executed and delivered by the defendant to one Giles, and by him sold and indorsed to the plaintiff. The defendant admitted the execution of the note, but averred:

That it was given for the purchase of a piano; that the Baldwin Company, a corporation, and not Giles, was the owner of the piano, and that he "had no right or authority at any time to sell the said piano, except as the agent of the Baldwin Company, or to take in payment therefor any note, contract, or written instrument of any kind except in the name of the Baldwin Company, a corporation, or to enter into any contract for the sale of said piano, except in the name of said company, all of which the plaintiff herein well knew. That the said H. E. Giles, Jr., had no power or authority to sell, indorse, transfer, or otherwise dispose of any note, contract, paper, or instrument in writing for or on behalf of the Baldwin Company, all of which the plaintiff well knew. That in order to retain possession of the said piano, this defendant has been compelled to and has settled in full for the said piano with the Baldwin Company, and the note above mentioned is made without any consideration whatever, and if plaintiff holds said conditional sale note, its possession of the same is unlawful."

At the close of the plaintiff's evidence the court, on the defendant's motion, granted a nonsuit, and dismissed the action. The plaintiff appeals.

The motion for nonsuit is based on the grounds of "false and fraudulent representations of Giles that he was the owner of the piano"; that he had no authority to take the note in

his own name, or to sell or indorse it; that the plaintiff purchased with notice that the Baldwin Company was the owner of the piano and of the note, and that Giles had no authority to take the note in his own name or to sell it; and that "the plaintiff did not have the legal capacity to sue on the note."

But two witnesses testified in the case, Giles and the assistant cashier of the plaintiff. The former testified that he was a piano saleman and procured, on consignment, pianos from the Baldwin Company; that they were consigned to him at a fixed price, which sum he was required to remit to the Baldwin Company when the pianos consigned to him were sold; that he did not sell on commission, but retained and had the right to retain, the excess of the sale price over the consignment price; that under such an arrangement he sold the piano to the defendant and took the conditional sale note in his own name, and on the same day sold the note and indorsed it to the plaintiff, remitting to the Baldwin Company the price agreed to be paid on consignment, and retaining the remainder received on the note. That, in substance, is all of his testimony. In addition there was shown a written contract between him and the Baldwin Company. In brief, it is that he agreed "to take instruments furnished by" the Baldwin Company "on consignment to be accounted for at an agreed price" and upon conditions that "the instruments and proceeds of sale are to remain" the property of the Baldwin Company and subject to its orders. He further agreed "to send the cash to" the Baldwin Company "for each and every instrument separately as soon as sold," and on demand to deliver and return free of all charges and expenses, including freight charges, all consigned goods remaining unsettled for at the time of the demand, and to render each month a report of all instruments consigned and unsettled for, etc.

The piano was sold and the note given on the 28th of August, 1909. On September 7, 1909, he rendered a report to the Baldwin Company, a "statement of instruments on hand belonging to" the Baldwin Company "held by me on consignment." The statement included an item of the piano "sold to Oler at Pleasant Grove."

The other witness, plaintiff's assistant cashier, testified that he purchased the note for the plaintiff on the day it was given at a discount of about 10 per cent. That is all of his testimony. And that, together with the note itself, was all the evidence in the case. We think it does not support the grounds of the motion. It does not show that Giles was unauthorized to sell the piano or to take a note in his own name, or that he falsely stated that he was the owner of the piano, or that he misrepresented anything to the defendant, or that the plaintiff purchased the note with notice, or that it did not have legal capacity to sue on the note.

The respondent claims that this case falls within the case of *Utah Banking Company* v. *Newman*, 44 Utah, 194, 138 Pac. 1146. The two cases are materially dissimilar. In the *Newman Case* the note was taken in the name of the Baldwin Company by its agent authorized to sell pianos for it in its name, and was by that agent without authority, either express or implied, sold and indorsed to another. Because of a want of such authority on behalf of the agent to sell or indorse the note, we held the indorsee did not obtain title. Here the payee of the note and the indorser are the same. The claim made by the respondent is that the Baldwin Company was the owner of the piano, and, while it had conferred authority on Giles, as its agent, to sell pianos, yet it had not given him authority to sell in his own name, or to take a note in his own name, or to make any contract whatever, except in the name of the Baldwin Company. We do not think the record supports the claim, at least not so conclusively as to justify a nonsuit. We therefore think the motion was improperly granted.

The judgment is reversed, and the cause remanded for a new trial. Appellant to recover costs.

FRICK and McCARTY, JJ., concur.